IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) KELI A. PUEBLO,

    Plaintiff,

v.

(1) STATE OF OKLAHOMA, *ex rel.,*
    OKLAHOMA SCHOOL OF
    SCIENCE AND
    MATHEMATICS,

    Defendant.

Case No.: **23-cv-654-J**

## ANSWER TO AMENDED COMPLAINT

Defendant, Oklahoma School of Science and Mathematics (hereinafter "OSSM"), provides the following Answer to Plaintiff's Amended Complaint[1]. Defendant admits Plaintiff's allegations contained in the Amended Complaint only to the extent specifically set forth below. To the extent any matters are not explicitly admitted herein, they are wholly denied. Defendant answers as follows:

### PARTIES

1. In response to Paragraph 1, Defendant lacks sufficient knowledge or information to admit or deny the allegations that Plaintiff is a resident of McCloud, Oklahoma and therefore denies such allegation.

2. Paragraph 2 is admitted.

---

[1] Defendant refers to Plaintiff's Amended Petition filed in state court as Amended Complaint in accordance with Federal Court nomenclature.

3. Paragraph 3 is admitted.

## CLAIMS AND VENUE

1. In response to Paragraph 1, Defendant admits that Plaintiff is asserting claims pursuant to Title VII of the Civil Rights Act of 1964. However, Defendant denies any wrongdoing.

2. In response to Paragraph 2, Defendant admits that Plaintiff is asserting a state law claim for sex discrimination pursuant to the Oklahoma Anti-Discrimination Act ("OADA"). However, Defendant denies any wrongdoing.

3. In response to Paragraph 3, Defendant admits that based upon Plaintiff's employment with Defendant, venue is proper. However, Defendant denies any wrongdoing.

## STATEMENT OF FACTS

1. Upon information and belief, paragraph 1 is admitted.

2. Paragraph 2 is denied.

3. Paragraph 3 is admitted.

4. Paragraph 4 is denied.

5. Paragraph 5 is admitted.

6. In response to Paragraph 6, Defendant admits that Plaintiff filed charges of discrimination against Defendant with the EEOC. Defendant denies

that any discriminatory or retaliatory actions were taken against Plaintiff. Further, Defendant denies any wrongdoing.

7. In response to Paragraph 7, Defendant admits that plaintiff was employed full-time at the time of her resignation by abandonment. All other allegations contained in Paragraph 7 are denied.

8. In response to Paragraph 8, Defendant admits that in December of 2019, findings from an operational audit performed by the Oklahoma State Auditor and Inspector's Office were made public. Upon information and belief, all other allegations contained in Paragraph 8 are denied.

9. In response to Paragraph 9, Defendant admits that the OSSM Governing Board of Directors and President, Dr Frank Wang, were made aware of issues within OSSM. Upon information and belief, Defendant admits corrective action recommendations were noted in the audit findings and they worked quickly to implement all recommended corrective actions. All other allegations contained in Paragraph 9 are denied.

10. Paragraph 10 is denied.

11. Upon information and belief, paragraph 11 is denied.

12. Paragraph 12 is denied.

13. In response to Paragraph 13, Defendant admits that Mr. Morgan was the VP of Administrative Services at OSSM from 1998 until 2019. All other allegations contained in Paragraph 13 are denied.

14. Defendant is without sufficient information to admit or deny the allegations in paragraph 14 and therefore denies the same.

15. Paragraph 15 is denied.

16. In response to Paragraph 16, Defendant admits that the following are findings regarding Mr. Morgan that were made during the operational audit: use of inappropriate language in general and smoking on state property. All other allegations contained in Paragraph 16 are denied.

17. In response to Paragraph 17, Defendant admits that Mr. Morgan was placed on paid administrative leave by the Governing Board of Directors for four months and that he was given a longevity payment pursuant to state law. Upon information and belief, all other allegations contained in Paragraph 17 are denied as stated.

18. In response to Paragraph 18, Defendant admits that Mr. Morgan retired from his position. Defendant also admits that Mr. Morgan's retirement was according to standard state separation procedure. Upon information and belief, all other allegations contained in Paragraph 18 are denied as stated.

19. Paragraph 19 is denied.

20. In response to Paragraph 20, Defendant admits that between 2017 and 2022, Plaintiff began compiling post event/camp participant evaluations from Dr. Mark Li, the OSSM Camp Director for the Phillips 66 Summer Science Institute. Defendant admits the camps were designed for

middle school math and science teachers where teachers would stay at the OSSM campus for a full week. All other allegations contained in Paragraph 20 are denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

24. Paragraph 24 is admitted.

25. Upon information and belief, paragraph 25 is denied.

26. In response to Paragraph 26, Defendant admits that Mr. Kuehl briefly requested students to send money to his personal Venmo account for senior items. All other allegations contained in Paragraph 26 are denied.

27. In response to Paragraph 27, Defendant admits that the Governing Board of Directors created a maintenance committee to provide oversight, advice, and assistance to OSSM maintenance. All other allegations contained in Paragraph 27 are denied.

28. In response to Paragraph 28, Defendant admits that each year, OSSM sends an annual appeal to alumni and alumni family members. Upon information and belief, all other allegations contained in Paragraph 28 are denied.

29. Paragraph 29 is denied.

30. In response to Paragraph 30, Defendant admits that Mr. Triplett threatened a female employee because she did not include his name on the graduation program. Upon information and belief, all other allegations contained in Paragraph 30 are denied.

31. In response to Paragraph 31, Defendant admits that OSSM leadership required Mr. Triplett to enroll in an online anger management course. Upon information and belief, all other allegations contained in Paragraph 31 are denied.

32. In response to Paragraph 32, Defendant admits that Plaintiff mentioned the allegations to Dr. Brent Richards, the VP of Academic Services. Upon information and belief, all other allegations contained in Paragraph 32 are denied.

33. In response to Paragraph 33, Defendant admits that Mr. Triplett was promoted to Dean of Students and received a substantial salary increase. Upon information and belief, all other allegations contained in Paragraph 33 are denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. In response to Paragraph 36, Defendant admits that a letter was sent to Plaintiff on August 3, 2022, which confirmed the ending of Plaintiff's

employment and stated Plaintiff had abandoned her position (i.e., resignation by abandonment). Defendant denies the remaining allegations.

37. In response to Paragraph 37, Defendant admits the letter explains that due to Plaintiff being absent from work without approval since July 29, 2022, Defendant determined that Plaintiff abandoned her position. Upon information and belief, all other allegations contained in Paragraph 37 are denied.

38. Paragraph 38 is denied.

39. Paragraph 39 is denied.

40. Paragraph 40 is denied.

41. Defendant is without sufficient information to admit or deny the allegations in paragraph 41 and therefore denies the same.

42. Paragraph 42 is denied.

43. Paragraph 43 is denied. Defendant further denies that Plaintiff is entitled to any relief whatsoever.

44. Paragraph 44 is denied. Defendant further denies any wrongdoing.

45. Paragraph 45 is denied.

## COUNT I: ILLEGAL DISCRIMINATION BASED UPON SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e *et seq.*

1. Defendant re-alleges paragraphs 1 to 45 and incorporates them as if fully stated herein.

2. Paragraph 2 is denied.

3. Paragraph 3 is denied.

4. Paragraph 4 is denied.

5. Paragraph 5 is denied.

6. Paragraph 6 is denied.

7. Paragraph 7 is denied.

8. Paragraph 8 is denied.

9. Paragraph 9 is denied.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. Defendant denies that Plaintiff is entitled to any relief whatsoever. Defendant further denies any wrongdoing.

13. Paragraph 13 is denied.

### COUNT II: ILLEGAL DISCRIMINATION BASED UPON SEX IN VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT ("OADA"), 25 O.S. § 1101 *et. seq.*

Defendant has filed a Partial Motion to Dismiss contemporaneously with this Answer which addresses Plaintiff's OADA claims. Therefore, this section requires no admissions or denials.

### COUNT III: ILLEGAL RETALIATION FOR PROTECTED ACTIVITY IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e *et seq.* AND THE OADA, 25 O.S. § 1101 *et seq.*

1. Defendant re-alleges paragraphs 1 to 45 and incorporates them as if fully stated herein.

2. Defendant admits that paragraph 2 provides a true and correct quote of 42 U.S.C. § 2000e-3(a).

3. Paragraph 3 is admitted.

4. Paragraph 4 is denied.

5. Paragraph 5 is denied

6. Paragraph 6 is denied.

7. Paragraph 7 is denied.

8. Paragraph 8 is denied.

9. Defendant denies that Plaintiff is entitled to any relief whatsoever. Defendant further denies any wrongdoing.

10. Paragraph 10 is denied.

## PRAYER

Defendant denies that Plaintiff is entitled to any relief whatsoever. Defendant further denies any wrongdoing.

## AFFIRMATIVE DEFENSES

1. Plaintiff cannot meet the burden for her claims under Title VII of the Civil Rights Act of 1964.

2. Plaintiff failed to mitigate her damages.

3. Plaintiff has failed to state claims for which relief can be granted.

4. Defendant reserves the right to amend its affirmative defenses as discovery has not been conducted which may lead to the additional defenses becoming known.

5. Some or all of Plaintiff's claims are barred by the applicable statutes of limitations or other statutory or procedural requirements.

6. Defendant acted in good faith and dealt fairly with Plaintiff at all times material to Plaintiff's Amended Complaint.

7. At all times relevant to this lawsuit, Plaintiff was never subjected to any type of discrimination or other type of unlawful employment action.

8. Plaintiff is not entitled to damages, including exemplary damages.

9. The Title VII statutory cap is applicable to Plaintiff's claims.

10. The liability of Defendant, which is denied, may be limited by the terms and provisions of the Oklahoma Governmental Tort Claims Act, 51 O.S. §§151, *et seq*.

11. Defendant is entitled to recover reasonable attorney fees.

12. Claim and issue preclusion.

13. Defendant reserves and does not waive any defenses available under all federal and state laws.

Respectfully submitted,

/s/ Alejandra Brigida
**ALEJANDRA BRIGIDA, OBA#35381**
**DIXIE L. COFFEY, OBA#11876**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: 405.521.3921
Facsimile: 405.521.4518
Email: dixie.coffey@oag.ok.gov
    alejandra.brigida@oag.ok.gov
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day July 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via email to Plaintiff's counsel of record, who is not an ECF participant.

/s/ Alejandra Brigida
Alejandra Brigida