IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) KELI A. PUEBLO,<br><br>      Plaintiff,<br><br>v.<br><br>(1) STATE OF OKLAHOMA, *ex rel.,*<br>  OKLAHOMA SCHOOL OF<br>  SCIENCE AND MATHEMATICS,<br><br>      Defendant. | Case No.: 23-cv-654-J |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant, Oklahoma School of Science and Mathematics (hereinafter "OSSM"), by and through Assistant Attorney General Alejandra Brigida respectfully replies to Plaintiff's Response to Defendant's Motion to Dismiss. [Docs. 5 and 8].

**ARGUMENT AND AUTHORITIES**

**I. THIS COURT DOES NOT HAVE JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.**

In Plaintiff's Response to Defendant's Partial Motion to Dismiss, she claims this court has jurisdiction over her state law claims. However, Plaintiff has not complied with the GTCA notice and commencement requirements as to her OADA claims (gender discrimination and retaliation), therefore this court lacks jurisdiction over her State law claims. *See* Prop. II, *See* OKLA. STAT.

tit. 51 § 157(B) ("No action for any cause arising under this act… shall be maintained unless valid notice has been given[.]")' *Burghart v. Corrections Corp. of America*, 2009 OK CIV APP 76, 224 P.3d 1278, 1281 (holding that the district court did not have jurisdiction over plaintiff's tort claim due to the failure to comply with the notice provisions of the GTCA). Plaintiff mentions Title VII in this section of her response various times, however, as clearly stated in Defendant's Partial Motion to Dismiss, OSSM argues this court does not have jurisdiction over Plaintiff's state law claims **only**. Defendant's Partial Motion to Dismiss is not applicable to Plaintiff's remaining Title VII claims.

## II. PLAINTIFF DID NOT COMPLY WITH THE NOTICE AND COMMENCEMENT REQUIREMENTS OF THE GTCA.

In Plaintiff's Response to Defendant's Motion to Dismiss she claims, "Plaintiff did in fact satisfy the GTCA notice and commencement requirements, thus giving the court subject matter jurisdiction over the Plaintiff's state law claims". [Doc. 8, p. 2]. However, this is erroneous. Plaintiff did not satisfy the GTCA notice and commencement requirements, and this court does not have subject matter jurisdiction over Plaintiff's OADA claims.

As stated in Defendant's Partial Motion to Dismiss, the GTCA requires that a person with a claim against the state or political subdivision must present notice of that claim to the state or political subdivision for appropriate relief. OKLA. STAT. tit. 51 § 156(A). The person *must* present notice of the claim

within one (1) year of the date that the loss occurs, or the claim is forever barred. *Id*. at § 156(B). In Plaintiff's Response to Defendant's Partial Motion to Dismiss, Plaintiff claims her "Confidential Settlement Communication Letter" satisfies the requirements of the GTCA. Plaintiff cites to OKLA. STAT. tit. 51 § 156(E) to support her argument that she complied with the GTCA.[1] However, to properly present a claim to the State, **as applicable here,** the GTCA clearly provides that a claim shall be in writing and filed with the Office of the Risk Management Administrator of the Office of Management and Enterprise Services **OKLA. STAT. tit. 51 § 156(C). Plaintiff failed to provide any notice to the Office of Risk Management as required under the GTCA.**

The GTCA notice requirement is a "mandatory prerequisite to [a plaintiff's] filing of his claim for tort damages." *Burghart v. Corrs. Corp. of Am.*, 2009 OK CIV APP 76, ¶ 13, 224 P.3d 1278, 1282. Plaintiff appears to believe that she substantially complied with GTCA notice requirements because she mailed a "Confidential Settlement Communication letter" to OSSM on June 22, 2023. However, this not sufficient notice pursuant to the GTCA. In *Hill v State ex rel. Board of Regents of University of Oklahoma*, the court rejected the "substantial compliance" doctrine where Plaintiff did not provide notices of her claim against the state to the Office of Risk Management,

---

[1] Though Plaintiff's Reply states that she cites to 156(C), she is actually citing to 156 (E).

stating "section 156 plainly sets forth how a claimant is to provide notice under the GTCA and leaves no discretion for how a claimant is to submit a notice of injury." *Hill v. State ex rel., Bd. of Regents of Univ. of Oklahoma,* 2016 OK CIV APP 14, 367 P.3d 524; *See Keating v. Edmondson*, 2001 OK 110, ¶ 13, 37 P.3d 882 ("Generally, when the Legislature uses the term 'shall', it signifies a mandatory directive or command."; *See also Slawson v. Board of County Comm'rs of Logan County*, 2012 OK 87, ¶ 6, 288 P.3d 533 ("The limitations of the Tort Claims Act are narrowly structured, and a grant of substantial compliance under the general procedural regime is not allowed."). Additionally, filing an EEOC charge of discrimination does not satisfy the GTCA's notice provision requirements. *See Stainsby v. Oklahoma ex rel. Oklahoma Health Care Auth.,* No. CIV-21-1073-D, 2023 WL 1825099 at *4 (W.D. Okla. Feb. 8, 2023); *see Locke v. Grady Cnty.*, No. CIV-09-327-M, 2009 WL 1564221, at *3 (W.D. Okla. June 4, 2009) (The court held "notice to the EEOC does not constitute notice to the state or its political subdivision" under the GTCA."); *see also Wright v. KIPP Reach Acad. Charter Sch., No.* CIV-10-989-D, 2011 WL 1752248 at *8  (W.D. Okla. May 6, 2011)

Plaintiff never provided notice to the Office of Risk Management of her claims. *See* [Doc. 5-1]. As Plaintiff has failed to file her claim with the Office of the Risk Management Administrator of the Office of Management and Enterprise Services, Plaintiff did not properly comply with the GTCA's notice

requirement pursuant to OKLA. STAT. tit. 51 § 156. Plaintiff's state law claims should be dismissed.

### III. THE OKLAHOMA ANTI-DISCRIMINATION ACT DOES NOT PROVIDE FOR A RETALIATION CLAIM.

In her Response, Plaintiff argues that the OADA provides a remedy for retaliation claims; relying solely on a single case, *McDaniel v. Legend Energy Servs.,* LLC, No. CIV-20-1278-R, 2021 WL 535862 (W.D. Okla. Feb. 12, 2021). In *McDaniel,* the court did not follow (*as dicta) Edwards,* and stated they believed "the Oklahoma Supreme Court should be given the opportunity to clarify the issue" (as to whether the OADA does provide a remedy for retaliation claims) ... "should it so desire". *McDaniel v. Legend Energy Servs.,* LLC, No. CIV-20-1278-R, 2021 WL 535862 (W.D. Okla. Feb. 12, 2021). However, The Oklahoma Supreme Court has fully examined the issue as to whether the OADA provides a remedy for retaliation claims and clearly held that the OADA does not "provide any remedy to compensate an employee who suffers retaliation at the hands of an employer." *Edwards v. Andrews*, 382 P.3d 1045, 1047 (Okla. 2016); *see also Davis v. Mercy Rehab. Hosp.,* No. CIV-19-561-D, 2019 WL 13113533 (W.D. Okla. Nov. 20, 2019)*; see also Sultuska v. JPMorgan Chase Bank,* No. CIV-18-669-C, 2019 WL 4888579, *2 n.2 (W.D. Okla. Oct. 3, 2019) (slip copy) ("[A] retaliation claim under the OADA is not cognizable under the law."). Although Plaintiff cites to an outlier case,

*Edwards* is controlling law and the Supreme Court of Oklahoma was clear when they held that that the OADA does not provide a remedy for retaliation claims. As OADA does not provide a remedy for retaliation claims, Plaintiff's claims of retaliation under the OADA must be dismissed.

Additionally, as discussed above, Plaintiff failed to satisfy the notice requirements under the GTCA for her OADA retaliation claim.

**VI:   UNDER THE OADA, PLAINTIFF'S DAMAGES ARE LIMITED SUCH THAT SHE HAS FAILED TO STATE A CLAIM AS TO CERTAIN ALLEGED DAMAGES.**

In Plaintiff's Reply, Plaintiff admits that under the OADA her monetary relief is limited to backpay and liquidated damages. Plaintiff then argues her damages under Title VII. However, as clearly stated, Defendant's Partial Motion to Dismiss is not applicable to Plaintiff's remaining Title VII claims.

                          Respectfully submitted,

                          /s/ Alejandra Brigida
                          **ALEJANDRA BRIGIDA, OBA#35381**
                          **DIXIE L. COFFEY, OBA#11876**
                          Assistant Attorneys General
                          Oklahoma Attorney General's Office
                          Litigation Section
                          313 NE 21st Street
                          Oklahoma City, OK 73105
                          Telephone:  405.521.3921
                          Facsimile:  405.521.4518
                          Email:  dixie.coffey@oag.ok.gov
                                  alejandra.brigida@oag.ok.gov
                          *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 5th day September 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via the ECF System to all counsel of record who are ECF participants.

                                /s/ Alejandra Brigida
                                Alejandra Brigida