# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

KELI A. PUEBLO,                      )
                                     )
            Plaintiff,               )
                                     )
v.                                   )          Case No. CIV-23-654-J
                                     )
STATE OF OKLAHOMA, ex rel.,          )
OKLAHOMA SCHOOL OF SCIENCE           )
AND MATHEMATICS,                     )
                                     )
            Defendant.               )

## ORDER

Currently pending is Defendant's partial motion to dismiss (Def.'s Mot.) [Doc. No. 5] to which Plaintiff has responded (Pl.'s Resp.) [Doc. No. 8].   For the reasons discussed below, Defendant's motion is GRANTED.

## I.      Relevant Background

Plaintiff was employed at the Oklahoma School of Science and Mathematics (OSSM) from 2016 until her termination in August 2022.  In June 2023, Plaintiff sent the OSSM a Confidential Settlement Communication detailing her allegations of "gender discrimination, sex-based stereotypes leading to a hostile work environment, and retaliation."  Pl.'s Resp. at 13-16. Thereafter, Plaintiff sued Defendant in Oklahoma County District Court, alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act (OADA).  [Doc. No. 4, Ex. 4].  The case was later removed to this Court.

## II.     Standard of Review

Invoking Fed. R. Civ. P. 12(b)(1), Defendant moves to dismiss Plaintiff's OADA claims on grounds that this Court lacks subject matter jurisdiction over the same.  *See* Def.'s Mot. at 2-3. In doing so, Defendant has gone beyond the allegations contained in the Amended Complaint and

has presented evidence challenging subject matter jurisdiction.  The Court may consider this evidence along with the evidence Plaintiff provided in response.  *See Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 507 (10th Cir. 2023) (holding that when the 12(b)(1) challenge is a factual attack, the Court "may not presume the truthfulness of the factual allegations in the complaint but may consider evidence to resolve disputed jurisdictional facts" (cleaned up)).

### III.   Analysis

Defendant challenges this Court's jurisdiction over Plaintiff's OADA claims on grounds that Plaintiff failed to comply with the notice requirement contained in the Oklahoma Governmental Tort Claims Act (OGTCA), Okla. Stat. tit. 51, § 156(C).  The Court agrees.

### A.   OGTCA

Plaintiff is suing an Oklahoma state entity and thus notice "is considered a mandatory prerequisite and jurisdictional requirement to filing a tort claim in district court."  *Crawford on Behalf of C.C.C. v. OSU Med. Tr.*, 510 P.3d 824, 829 (Okla. 2022) (citing Okla. Stat. tit. 51, § 156(B)).  If suing a political subdivision, the notice of claim must be filed with "the office of the clerk of the governing body."  Okla. Stat. tit. 51, § 156(D).  However, when a claim is made against the State, notice must be "filed with the Office of the Risk Management Administrator of the Office of Management and Enterprise Services [(Office of Risk Management)]."  *Id.*, § 156(C).

### B.   Plaintiff's Notice

Plaintiff did not give notice to the Office of Risk Management.  *See* Def.'s Mot., Ex. 1.  Instead, she sent a Confidential Settlement Communication directly to OSSM.  *See* Pl.'s Resp. at 13-16.  Plaintiff argues that this serves as substantial compliance with the OGTCA's notice requirement.  *See id.* at 4-6.

Substantial compliance with the OGTCA's notice requirements have been found sufficient under some circumstances. *See, e.g., Osterhout v. Bd. of Cnty. Commissioners of LeFlore Cnty., Oklahoma*, 10 F.4th 978, 985 (10th Cir. 2021) (citation omitted) (discussing substantial compliance as it relates to Okla. Stat. tit. 51, § 156(E)). Here, however, § 156(C) contains a mandatory procedure for filing the notice with the Office of Risk Management and thus "leaves no discretion for how a claimant is to submit a notice of injury." *Hill v. State ex rel., Bd. of Regents of Univ. of Oklahoma*, 367 P.3d 524, 526 (Okla. Civ. App. 2016).

*Hill* is instructive. There the plaintiff attempted to sue an Oklahoma state entity but sent her notice of claim directly to various University of Oklahoma entities rather than to the Office of Risk Management. *See id.* at 525. When the defendant sought dismissal for lack of subject matter jurisdiction, plaintiff argued that her notice substantially complied with the OGTCA. *See id.* The court disagreed, holding:

> Plaintiff unquestionably failed to comply with the statutory notice requirements as she did not provide notice of her injury to the Office of Risk Management as provided in 51 O.S. § 156(C). Instead, Plaintiff argues her notice to the OU entities meets the "substantial compliance" doctrine . . . . We reject this argument. First, the tenets of statutory construction mandate that when "a statute is plain and unambiguous, it will not be subjected to judicial construction but will receive the effect its language dictates." Section 156 plainly sets forth how a claimant is to provide notice under the [OGTCA] and leaves no discretion for how a claimant is to submit a notice of injury. Here, Plaintiff failed to comply with the mandatory notice requirements of the [OGTCA]. Accordingly, the trial court correctly dismissed her suit for such failure.

*Id.* at 526 (cleaned up.)

Plaintiff chose to send her notice of claim directly to OSSM rather than to the Office of Risk Management. Applying *Hill* to the facts specific to this case, the Court finds that Plaintiff's notice to the OSSM did not comply with the OGTCA's notice requirement contained in § 156(C) and, because her one-year limitation period has now expired, this Court lacks subject matter

jurisdiction over the OADA claims.  *See* Okla. Stat. tit. 51, § 156(B) ("A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs."); *see also, e.g., Drake v. Oklahoma ex rel. Oklahoma State Dep't of Health*, No. CIV-22-471-D, 2022 WL 4543227, at *2 (W.D. Okla. Sept. 28, 2022) (dismissing plaintiff's tort claim under Fed. R. Civ. P. 12(b)(1) because:  "The record suggests that Plaintiff has not filed a [OGTCA] notice.  Because written notice of the claim must be presented within one year of the date of the loss, the jurisdictional prerequisite to a civil action under the [OGTCA] has not been satisfied." (cleaned up.)).

## IV.   <u>Conclusion</u>

Based on the foregoing, the Court GRANTS Defendant's partial motion to dismiss [Doc. No. 5] and DISMISSES Plaintiff's OADA claims without prejudice.[1]

IT IS SO ORDERED this 8th day of September, 2023.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[1] For this reason, the Court declines to address Defendant's remaining challenges to Plaintiff's OADA claims.