# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELI PUEBLO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OKLAHOMA SCHOOL OF SCIENCE )<br>AND MATHEMATICS, )<br>)<br>Defendant. | Case No: 5:23-CV-00654-J |

## AMENDED JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:           November 2, 2023

Appearing for Plaintiff:        Katherine Mazaheri, OBA #21746
                                Mazaheri Law Firm, PLLC
                                3000 W. Memorial Rd. Suite 230
                                Oklahoma City, OK 73120
                                Telephone: (405) 414-2222
                                Fax: (405) 607-4358
                                katherine@mazaherilaw.com

Appearing for Defendant:     Alejandra J. Brigida, OBA#35381
                                Dixie L. Coffey, OBA#11876
                                Assistant Attorneys General
                                313 N.E. 21st Street
                                Oklahoma City, OK 73105
                                Telephone: (405)521-3921
                                Facsimile: (405)521-4518

**Jury Trial Demanded ☑ - Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

Plaintiff: Plaintiff was an employee of Defendant from approximately April 2016 until her termination on or about August 3, 2022. Plaintiff asserts she was subjected to gender discrimination, sex-based stereotypes, retaliation and a hostile work environment under Title VII over the course of her employment with the Defendant, until she was ultimately terminated in retaliation for cooperating with state auditors. She was subjected to disparate treatment from that of male employees and not offered the same severance benefits that male employees were given.

Defendant: Plaintiff has alleged claims against Defendant OSSM for gender discrimination, sex-based stereotypes, retaliation and hostile work environment pursuant to Title VII, and gender discrimination and retaliation pursuant to the Oklahoma Anti-Discrimination Act ("OADA"). No discrimination, retaliation, or other wrongdoing occurred relating to Plaintiff and her OSSM employment. Due to Plaintiff being absent from work without approval since July 29, 2022, Defendant determined that Plaintiff abandoned her position (i.e., resignation by abandonment). All of Plaintiff's OADA claims were dismissed per order of this Court on September 8, 2023.

2. **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

The Court has federal question jurisdiction under 28 U.S.C. § 1331, as Plaintiff's claims arise under the Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., as amended.

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

- This Court has jurisdiction over the parties for Plaintiff's claims.
- Venue is proper in this court for Plaintiff's claims.
- Plaintiff was employed by Defendant from April 2016 to on or around August 3, 2022.
- 

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. Plaintiff:

Plaintiff seeks damages and relief as outlined in Plaintiff's Complaint, and as stated below:

1. Plaintiff has sustained the following injuries: loss of employment, loss of career path and opportunity, loss of wages, loss of fringe benefits, and other compensation; and consequential and compensatory damages including, but

       not limited to, those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

2. Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k) and 42 U.S.C. §12205, to recover attorney fees and costs incurred in pursuing this claim.

3. Plaintiff is entitled to and seek all legal and equitable remedies provided to a prevailing plaintiff under Title VII, including, actual and equitable damages including lost wages (past, present and future and for the value of benefits associated with such earnings), compensatory damages, punitive damages, pre-judgment interest, attorneys' fees and costs.

      b.    <u>Defendant</u>: Defendant denies that it committed the acts complained of or failed to act in the manner that would form the basis for any of the claims alleged by Plaintiff. Due to Plaintiff being absent from work without approval since July 29, 2022, Defendant determined that Plaintiff abandoned her position (i.e., resignation by abandonment). Defendant denies that Plaintiff is entitled to any relief whatsoever, Defendant further denies any wrongdoing. Defendants reserve all defenses plead in its Answer and reserve the right to claim any other defense not pled.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
    ☐ Yes ☑ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

   A.   Plaintiff:  No Motions are pending.
   B.   Defendant: None pending. Defendant anticipates filing a motion for summary judgment.

7. **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes    ☑ No
If "no," by what date will they be made? They will be made by 11/9/2023.

8. **PLAN FOR DISCOVERY**.

A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on October 26, 2023.

B. The parties anticipate that discovery should be completed within eight (8) months.

C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 6 months

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

☑ Yes   ☐ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

☑ Yes   ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

The Parties have agreed to follow the above-mentioned Federal Rules for any matters disclosed inadvertently, which will allow the inadvertently disclosed materials to be returned and/or destroyed.

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

Parties anticipate needing a protective order prior to the production of any privileged material.

9. **ESTIMATED TRIAL TIME**: 3-4 days

10. **BIFURCATION REQUESTED**: ☐ Yes ☑ No

11. **POSSIBILITY OF SETTLEMENT**:   ☐ Good   ☑ Fair   ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

A. Compliance with LCvR 16.1(a)(1) - ADR discussion:  ☑ Yes   ☐ No

B. The parties request that this case be referred to the following ADR process:

☐ Court-Ordered Mediation subject to LCvR 16.3
        ☑ Judicial Settlement Conference
        ☐ Other _____
        ☐ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?   ☐ Yes   ☑ No

14. Type of Scheduling Order Requested.  ☑ Standard -  ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 30th day of October, 2023.

/s/ *Katherine Mazaheri*
Katherine Mazaheri, OBA #21746
Mazaheri Law Firm, PLLC
3000 W. Memorial Rd. Suite 230
Oklahoma City, OK 73120
Telephone: (405) 414-2222
Fax: (405) 607-4358
katherine@mazaherilaw.com
*Attorney for Plaintiff*

/s/ *Alejandra Brigida*
Alejandra J. Brigida, OBA#35381
Dixie L. Coffey, OBA#11876
Assistant Attorneys General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405)521-3921
Facsimile: (405)521-4518
*Attorneys for Defendant*