IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| KELI A. PUEBLO, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-23-654-D |
| STATE OF OKLAHOMA, ex rel., OKLAHOMA SCHOOL OF SCIENCE AND MATHEMATICS, | ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

On January 21, 2025, this Court issued an Order allowing Katherine Mazaheri, of Mazaheri Law Firm, PLLC, to withdraw as counsel of record for Plaintiff [Doc. No. 55]. The Order further directed Plaintiff to, within 30 days, either retain new counsel or file a pro se entry of appearance.

On April 28, 2025, the Court issued an Order requiring Plaintiff to, within 14 days, Show Cause as to why she did not comply with the Court's directive [Doc. No. 58]. In the Order, the Court cautioned that "Plaintiff's inaction and failure to comply with the January 21 Order prevent this case from moving forward and may warrant a dismissal without prejudice to refiling."

The 14-day period allowed in the Court's April 28 Order has since elapsed without action. The Court therefore finds dismissal appropriate.[1]

---

[1] "The 'authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** to a future filing. A separate judgment of dismissal shall be entered.

**IT IS FURTHER ORDERED** that the Clerk shall provide notice of this Order and the Judgment to Plaintiff's former attorney, Katherine Mazaheri, of Mazaheri Law Firm, PLLC, who shall promptly forward copies to Plaintiff and file a certificate of mailing.

**IT IS SO ORDERED** this 21st day of May 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

disposition of cases.'" *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). A dismissal for failure to prosecute "should be imposed only after careful exercise of judicial discretion," but it presents "an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *Id.*; *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (discussing dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)).